**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DeAnn M. Thode, | Court File No. 3:26-CV-0074 |
| Plaintiff, | |
| v. | |
| GEA Systems North America LLC, | **COMPLAINT** (JURY TRIAL DEMANDED) |
| Defendant. | |

Plaintiff DeAnn M. Thode, by and through her undersigned attorney, for her Complaint against Defendant GEA Systems North America LLC, alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), seeking to remedy wage discrimination based on sex. Plaintiff alleges that Defendant paid her less than one or more male employees for substantially equal work requiring equal skill, effort, and responsibility under similar working conditions, within the same establishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 217, which provides for federal court jurisdiction over actions to recover unpaid compensation under the Equal Pay Act, and pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and/or Defendant conducts business in this district.

## PARTIES

4. Plaintiff DeAnn M. Thode is an individual who resides in Minnesota. At all relevant times, she was an employee of Defendant within the meaning of the Equal Pay Act.

5. Defendant GEA Systems North America LLC is Maryland limited liability corporation that conducts business in Wisconsin and maintains operations within this judicial district.

6. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(b).

7. At all relevant times, Defendant employed two or more employees and had an annual gross volume of sales of not less than $500,000, satisfying the enterprise coverage requirements of the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from approximately May 2012 through April 1, 2025.

9. During the relevant period, Plaintiff worked in Defendant's U.S. service-sales organization as a sales manager responsible for selling service solutions (including

multi-year service agreements, preventative maintenance, and upgrades) to customer accounts in the Food and Dairy segment.

10. Plaintiff's work required substantial skill, effort, and responsibility, including customer-facing sales and relationship management; understanding technical and preventative maintenance needs; preparing and presenting proposals; preparing quotes and cost calculations to achieve acceptable margins; participating in cross-functional meetings regarding service and upgrades; maintaining and forecasting opportunities in Defendant's CRM system; and extensive travel to customer sites.

11. Plaintiff and the male comparator employees worked within the same establishment – Defendant's U.S. service-sales organization – were subject to common compensation policies and pay-setting processes, and (upon information and belief) reported through the same management chain.

12. Upon information and belief, during the final years of Plaintiff's employment, Defendant employed one or more male employees in substantially equal service-sales manager roles, including but not limited to: (a) Tim Wilda (Food and Dairy Service Sales Manager – West); (b) Brett Harrell (Food and Dairy Service Sales Manager – East); (c) Sachin Mali (Beverage Service Sales Manager); and (d) Mohammad Shuakani (Chemical Service Sales Manager).

13. Tim Wilda performed substantially equal work to Plaintiff. Upon information and belief, Wilda moved into Defendant's Food and Dairy Service Sales Manager – West role on or about January 1, 2025, covered the same territory and key accounts as Plaintiff (including West of the Mississippi across the United States and

Canada), and performed the same core service-sales duties. Plaintiff worked with and trained Wilda until Plaintiff's separation on April 1, 2025.

14. Brett Harrell performed substantially equal work to Plaintiff. Upon information and belief, Harrell served as Food and Dairy Service Sales Manager – East, performed the same core service-sales duties as Plaintiff, and operated under the same compensation structure and management chain as Plaintiff.

15. Sachin Mali and Mohammad Shuakani also performed substantially equal service-sales work to Plaintiff within Defendant's service-sales organization, including selling service solutions to customer accounts, preparing quotes and proposals, managing customer relationships, maintaining CRM records, and traveling to customer sites.

16. Despite performing substantially equal work, Defendant paid Plaintiff a lower rate of compensation than male comparator employees.

17. Upon information and belief, Defendant paid Plaintiff approximately $15,000 to $25,000 less per year than similarly situated male employees performing substantially equal work, reflecting an approximate monthly gap of $1,250 to $2,000.

18. Plaintiff performed her job at least as well as male comparator employees. Plaintiff was regularly recognized as organized, a strong communicator, and knowledgeable regarding active customer matters, and Plaintiff's CRM practices were used by management as an example within the sales organization.

19. Plaintiff's territory and account load were substantial. Plaintiff handled a large number of Food and Dairy accounts and was required to generate results through

numerous smaller transactions, including multi-year service agreements and upgrades, requiring significant effort, travel, and customer engagement.

20. Defendant's managers instructed sales employees not to discuss their wages or commissions with other employees and refused to provide Plaintiff an explanation for why she was paid less than male counterparts.

21. The wage differential between Plaintiff and the male comparator employees was not based on any factor other than sex, including but not limited to: (a) a seniority system; (b) a merit system; (c) a system measuring earnings by quantity or quality of production; or (d) any other factor other than sex.

22. Defendant's payment of unequal wages to Plaintiff for equal work was willful.

23. Defendant knew, or showed reckless disregard for whether, its pay practices violated the Equal Pay Act.

24. As a direct and proximate result of Defendant's unlawful compensation practices, Plaintiff has suffered damages including lost wages and benefits.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE EQUAL PAY ACT - 29 U.S.C. § 206(d)

25. Plaintiff re-state and re-alleges each of the preceding paragraphs as if fully set forth herein.

26. Defendant discriminated against Plaintiff on the basis of sex by paying her wages at a rate less than the rate at which it paid wages to male employees for equal work

on jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions.

27. The differential in pay between Plaintiff and the male comparator(s) was not pursuant to:

    a. A seniority system;

    b. A merit system;

    c. A system which measures earnings by quantity or quality of production; or

    d. A differential based on any other factor other than sex.

28. Defendant's violation of the Equal Pay Act was willful.

29. As a result of Defendant's violations of the Equal Pay Act, Plaintiff has suffered damages and is entitled to relief including but not limited to:

    a. Back pay in an amount to be determined at trial;

    b. An additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    c. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    d. Pre-judgment and post-judgment interest; and

    e. Such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on all claims;

B. Award Plaintiff back pay for wages unlawfully withheld, in an amount to be proven at trial;

C.  Award Plaintiff liquidated damages in an amount equal to the back pay award pursuant to 29 U.S.C. § 216(b);

D.  Award Plaintiff her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E.  Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

F.  Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 29, 2026.                **TYLER W. BRENNAN LAW, LLC**

/s/ Tyler W. Brennan
Tyler W. Brennan, #1091363
T3 Building
323 N. Washington Ave. STE 200
Minneapolis, MN 55401
Phone: (612) 351.0084
Fax: (612) 354.4152
E-mail: tyler@tylerwbrennanlaw.com
***ATTORNEY FOR PLAINTIFF***